No. 81-572

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

———————————

HUGH A. SPRAGGINS,

Plaintiff and Appellant,

vs.

GARY L. ELVIDGE,

Defendant and Respondent.

———————————

Appeal from: District Court of the Sixth Judicial District,
In and for the County of Park
Honorable Nat Allen, Judge presiding.

Counsel of Record:

For Appellant:

Yardley and Yardley, Livingston, Montana
Jack Yardley, Livingston, Montana

For Respondent:

Berger, Sinclair and Nelson, Billings, Montana
Chris Nelson, Billings, Montana

———————————

Submitted on briefs: April 29, 1982

Decided: July 8, 1982

Filed: JUL 8 - 1982

Thomas J. Kearney
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Plaintiff Hugh A. Spraggins brought this action against defendant Gary L. Elvidge for failure to pay a $10,000 promissory note. Elvidge counterclaims for monies due and owing him from sale of a partnership. The District Court, Sixth Judicial District, Park County, entered a judgment in favor of Elvidge on the counterclaim. Spraggins appeals. We affirm.

The following issues will be reviewed:

(1) Whether statements of defendant Elvidge made subsequent to the written agreement between plaintiff Spraggins and defendant Elvidge are admissible and not in violation of the parole evidence rule.

(2) Whether the evidence supports the findings of fact entered by the trial court.

Spraggins and Elvidge were partners in a business in California called Diablo Mobile Repair. They sold the business in 1978.

In September 1977, they contracted to purchase the Mint Bar in Livingston, Montana, in equal shares. Elvidge moved to Montana to manage the Mint Bar while Spraggins remained in California to sell Diablo Mobile Repair. Spraggins and his wife testified that Elvidge was entitled to one half of the proceeds from the sale of Diablo Mobile Repair and one half of the cash on hand. The District Court found the sale and the cash on hand from the Diablo Mobile Repair totaled $34,835 of which $12,500 was invested in the Mint Bar. Elvidge did not receive his one half of the remaining $22,335.

Later, Elvidge agreed to buy, and Spraggins agreed to sell, Spraggins' interest in the Mint Bar. The parties entered into a contract on August 31, 1978. Spraggins claimed, and the District Court found, that Elvidge and Spraggins mutually agreed that the sum of $25,000 would be paid by Elvidge to Spraggins. Elvidge paid Spraggins $15,000 on September 5, 1978, and executed a promissory note for $10,000 payable to Spraggins for the balance.

Elvidge failed to pay the $10,000 promissory note when due, and Spraggins commenced this action. Elvidge counterclaimed for monies due and owing him from the sale of the California business as a setoff for the amount due to Spraggins on the promissory note.

In the initial trial, the District Court found in favor of Spraggins on his claim for collection on the $10,000 promissory note plus $894.25 interest and against Elvidge on his counterclaim for monies due from the sale of the California business. Elvidge appealed to this Court contending that the District Court improperly admitted testimony of an oral agreement prior to the written contract that Elvidge would release Spraggins of the monies still owing on the sale of the California business as part of the purchase price of the Mint Bar. This Court found that the admission of the parole testimony which varied the terms of the written agreement was improper and ordered the District Court to conduct further proceedings to determine the validity of Elvidge's counterclaim. The District Court's judgment on Spraggins' claim was affirmed. Upon remand, the District Court found in favor of Elvidge on the counterclaim and awarded him $9,858.18 plus $2,921.64 interest for the sale of the California business. Spraggins appeals this judgment.

The first issue is whether statements of Elvidge made subsequent to the written agreement between Spraggins and Elvidge are admissible and not in violation of the parole evidence rule.

The statement upon which Spraggins relies occurred at the second trial during cross-examination of Elvidge.

"Q. Wouldn't it be correct, Gary that you just decided at the bank you had made a bad deal, at that time in October of 1978 and you didn't want to pay that note off?

"A. That could be correct.

"Q. In other words, it would have had nothing to do with whether you had a set off or not from Diablo, isn't that correct?

"A. Well, let's see if I get that question right now. That could be correct."

Elvidge's attorney had objected to this line of questioning, however the objections were overruled and the testimony was allowed. Since in fact the evidence was admitted without objection, Spraggins has no basis for an appeal or reversal on his first issue.

The second issue is whether the evidence supports the findings of fact entered by the trial court. Spraggins contends that if the District Court had considered the testimony of Elvidge discussed in the first issue, it could not have reached the conclusion that it did. He argues that the testimony shows that Elvidge merely concoted the setoff claim to defeat Spraggins' collection of the $10,000 note after he decided that he had made a bad deal.

The District Court's findings of fact No. XI states:

"Both the plaintiff and his wife agreed that had it not been for the termination of the business relationship between the parties in the Mint Bar and their alleged oral agreement whereby defendant would forgive the indebtedness owed by plaintiff as a result of the sale of Diablo Mobile Repair an indebtedness would be due and owing from plaintiff to defendant."

-4-

During the second trial, Elvidge testified that his attorney had recommended that he keep the two business deals--selling Diablo Mobile Repair and purchasing Spraggins' share of the Mint Bar--separate. Elvidge testified that he originally had intended to pay Spraggins the full $25,000, but after realizing he had paid most of the Mint Bar purchase and not yet received his share of the proceeds from the Diablo Mobile Repair, he decided to claim a setoff.

Testimony of both Spraggins and his wife support the finding that monies were due and owing to Elvidge from the Diablo Mobile Repair proceeds. On cross-examination the following question was asked of and answered by Spraggins:

"Q. So it is true, is it not, that the only reason you claimed you owe Mr. Elvidge no money is because there was an oral agreement in existence at the time that in addition to the $25,000.00 he would give up his claim to Diablo Mobile Repair?

"A. Right."

On cross-examination Spraggins' wife testified:

"Q. And you also maintained that no indebtedness exists simply because it was agreed that Gary would forget whatever money he had coming from Diablo Mobile Repair in connection with the purchase of the Mint Bar, is that correct?

"A. Right."

The standard of review when an issue of sufficiency of the evidence to sustain the judgment is raised is found in Cameron v. Cameron (1978), 179 Mont. 219, 228, 587 P.2d 939, 945, where this Court stated:

"We will not substitute our judgment for that of the trier of fact, but rather will only consider whether substantial credible evidence supports the findings and conclusions. Those findings will not be overturned by this Court unless there is a clear preponderance of evidence against them. We will view the evidence in a light most favorable to the prevailing party, recognizing that substantial evidence may be weak or conflicting with other evidence, yet still support the findings."

-5-

The finding of fact by the District Court, which is contrary to Spraggins' position, is supported by substantial credible evidence with little, if any, conflicting evidence.

Affirmed.

_____
Justice

We Concur:

_____
_____
_____
_____
Justices