No. 84-15

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

_____

IN THE MATTER OF THE ESTATE
OF BILLY EUGENE SARTAIN,
Deceased.

_____

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Jack L. Green, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Garnaas, Hall, Riley & Pinsoneault; Lyman J. Hall,
        Missoula, Montana

    For Respondent:

        ~~Baldassin~~, Connell & Beers, Missoula, Montana

_____

Submitted on Briefs: June 28, 1984

Decided: August 30, 1984

Filed: AUG 30 1984

*Ethel M. Harrison*

Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Sherri Hettich (Sherri) petitioned the District Court of Missoula County for appointment as personal representative of the estate of Billy E. Sartain (Billy). Peggy Sartain (Peggy), Billy's ex-wife, filed objections and petitioned for appointment as personal representative in her capacity as guardian of Brandy and Wesley Sartain, children of Billy and Peggy. The District Court ruled that no common law marriage existed between Sherri and Billy and appointed Peggy as personal representative of his estate. Sherri appeals. We affirm the District Court.

The issue on appeal is whether the District Court erred in finding that no valid common law marriage existed between Billy and Sherri on the date of Billy's death?

Billy died on August 12, 1981 at the age of 34. At the time of death he was domiciled in Missoula County and employed as a long-haul truck driver.

Billy had resided with Sherri in Missoula from September 1, 1979 until his death. Billy and Sherri were not parties to a solemnized marriage and had not executed a written declaration of marriage.

Billy was legally married to Peggy from October 4, 1968 to May 1, 1981, slightly over three months prior to his death. Billy and Peggy had two children, Brandy, age 12, and Wesley, age 9.

Sherri Hettich was legally married to Phillip Barba from May 15, 1977 to December 19, 1979, when her divorce became final.

Billy and Sherri had one child, Heaven Lea Sartain, age 2. Billy's three children, Brandy, Wesley and Heaven, have been determined to be the three heirs of Billy and there is no appeal from that determination by the District Court.

2

Did the District Court err in finding that no valid common law marriage existed between Billy and Sherri? The transcript is extensive, containing the testimony of Sherri and Peggy and a number of other parties, including two of Billy's children. In addition there is relevant evidence in the form of letters and notes. Finding of fact VI accurately summarizes the evidence on this question:

> "At times during the period in which they lived together, Sherri Hettich and Decedent represented to others that they were married. At other times during the period in which they lived together, Sherri Hettich and Decedent represented or indicated to others that they were not married and did not intend to become married to each other in the future."

A review of the testimony and exhibits shows that there is substantial evidence which would support a conclusion that there was a common law marriage. There is also substantial evidence supporting the conclusion that there was not a common law marriage between Billy and Sherri. The findings of fact and conclusions of law clearly set forth the evaluation by the experienced trial judge of the evidence presented to him.

The pertinent findings of fact include: Sherri and Billy each met independently with a representative of the county welfare office to apply for food stamps. Each was advised that any false statements would subject the applicant to criminal penalties. Billy and Sherri each reported they had no other household members. Billy reported he was staying with a friend and paying no rent. In response to questioning, Sherri reported that Billy stayed with her and did not have to pay rent, and their food was kept separate. Both Billy and Sherri denied there was any marital or live-in relationship and each received food stamps.

3

Sherri continued to use the name Hettich in conjunction with her employment, driver's license, car titles, food stamps, bank accounts, tax returns and other business dealings. After her divorce Sherri petitioned for a name change back to her maiden name "Hettich" rather than to Billy's name "Sartain."

Of particular significance is finding of fact XII:

"When Decedent and Hettich first began living together in September 1979, they knew that they were each still legally married to other individuals, and could not be considered legally married to one another. Although Hettich felt that their love intensified over the months that followed, at no time did either consider that the status of their legal relationship changed during this period; they remained lovers but at no time became spouses."

The standard of review of the District Court's findings of fact is stated in Rule 52(a), M.R.Civ.P.:

"Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses."

We conclude there is substantial evidence to support the District Court's findings of fact. The findings of fact are not clearly erroneous and will not be set aside. In addition, because of the contradictions in the evidence submitted by the parties, it is essential that we respect the Rule 52 requirement that due regard be given by this Court to the opportunity of the District Court to judge the credibility of the witnesses. The District Court has extensive experience in this regard. We have only the cold record for review. We apply the standard of review set forth in Cameron v. Cameron (1978), 179 Mont. 219, 228, 587 P.2d 939, 945:

"We will not substitute our judgment for that of the trier of fact, but rather will only consider whether substantial credible evidence supports the findings and conclusions. Those findings will not be overturned by this Court unless there is a clear

4

> preponderance of evidence against them. We will view the evidence in a light most favorable to the prevailing party, recognizing that substantial evidence may be weak or conflicting with other evidence, yet still support the findings."

See also Spraggins v. Elvidge (Mont. 1982), 647 P.2d 859, 861, 39 St.Rep. 1229, 1232.

Counsel for Sherri asks that we substitute our judgment for that of the District Court. He emphasizes the evidence presented in Sherri's behalf which suggests a common law marriage relationship, including the testimony of Sherri's mother who stated that Sherri and Billy held themselves out as common law husband and wife. Certainly there is substantial evidence indicating that type of relationship. However, as pointed out in Cameron, we will not substitute our judgment for that of the District Court. There is no clear preponderance of evidence against the findings of the District Court. Having viewed the evidence in a light most favorable to the prevailing party, we conclude that there is substantial credible evidence supporting the findings.

In its conclusions of law, the District Court concluded that Sherri must prove that the parties were capable of consenting to marriage, that there was a mutual and public assumption of the marriage relationship, and that the marriage must take place immediately and cannot be created piecemeal. This is in accord with the law of common law marriage set forth in Montana caselaw. In the recent case of Estate of Murnion (Mont. August 28, 1984), No. 83-385, _____ P.2d _____, _____ St.Rep. _____, we pointed out that under the holdings of this Court a common law marriage must take place immediately or not at all and there must be a consent to a valid marriage, cohabitation and public repute. There is no significant dispute between the parties as to the applicable law. In Murnion, we upheld the District Court's

5

finding of a common law marriage where we found a mutual agreement to marry. In contrast, there was no evidence of any such agreement between Billy and Sherri. The District Court properly applied Montana common law marriage standards.

We affirm the judgment of the District Court.

_____<br>Justice

We concur:

_____

_____

_____

_____
Justices